**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| Ying Zhang and Dongguan Ruilai Electronic Technology Co., Ltd., <br><br> *Plaintiffs*, <br><br> v. <br> Doe Defendant 1 and Doe Defendant 2, <br><br> *Defendants*. | **CASE NO. 1:26-cv-7145** <br><br><br> **Jury Demand** |

**COMPLAINT**

Plaintiffs Ying Zhang and Dongguan Ruilai Electronic Technology Co., Ltd. allege as follows:

**NATURE OF ACTION**

1.    This is an action for federal trademark infringement, false designation of origin, unfair competition, and design patent infringement arising from unauthorized offers and sales on Amazon.com of products through Plaintiffs' ANDERY-branded ASIN listings.

2.    The accused products include products offered and sold under ASIN B0DN1S1YLV, corresponding to Plaintiffs' RLX10 product, and ASIN B0FHWP9SWB, corresponding to Plaintiffs' RLX11 product.

3.    Plaintiffs bring this action to stop Defendants' unauthorized marketplace sales, identify the persons or entities behind the accused offers, recover damages and profits, and obtain all other relief available under the Lanham Act and Patent Act.

4.    Defendants are presently unidentified because the Amazon marketplace information

1

available to Plaintiffs does not disclose the true legal names, addresses, or roles of the persons or entities responsible for the accused offers and sales.

**PARTIES**

5. Plaintiff Ying Zhang is an individual residing in Shenzhen, Guangdong, China. Ying Zhang owns U.S. Trademark Registration No. 7,906,665 for the standard-character mark ANDERY in International Class 12 for "vehicle camera mount." The registration issued on August 19, 2025, on the Principal Register.

6. Plaintiff Dongguan Ruilai Electronic Technology Co., Ltd. is a company organized under the laws of the People's Republic of China with its principal place of business in Dongguan, Guangdong, China, and owns U.S. Design Patent No. D1,076,905 S, titled "Magnetic Car Mount," which issued on May 27, 2025.

7. Plaintiff Ying Zhang, through the ANDERY brand, is the exclusive licensee of the D'905 Patent and has the right to use, sell, commercialize, and enforce the patented design in connection with ANDERY-branded products. The patent owner joins this action to the extent required to enforce all patent rights.

8. Doe Defendant 1 is a presently unidentified individual or entity responsible for the unauthorized offers or sales appearing under or in connection with ASIN B0DN1S1YLV, including offers identified through Amazon-associated designations such as "Amazon.com," or similar marketplace information.

9. Doe Defendant 2 is a presently unidentified individual or entity responsible for the unauthorized offers or sales appearing under or in connection with ASIN B0FHWP9SWB, including offers

2

identified through Amazon-associated designations such as "Amazon.com," or similar marketplace information.

10. Plaintiffs do not currently know the true legal names, addresses, or roles of Doe Defendant 1 or Doe Defendant 2 and will amend this Complaint when their identities are learned through discovery.

11. Defendants are sued under fictitious names until their true identities are learned through discovery.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

13. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Patent Act, including 35 U.S.C. § 271.

14. This Court also has jurisdiction under 15 U.S.C. § 1121 for claims arising under the Lanham Act.

15. This Court has personal jurisdiction over Defendants because Defendants offered for sale, sold, distributed, shipped, or caused to be shipped infringing products into Illinois and this District through Amazon.com.

16. Plaintiffs conducted a test purchase through Amazon for delivery to Downers Grove, Illinois, within this District. The test purchase confirms that accused RLX10 goods and related offers were directed to, sold into, and fulfilled for customers in this District.

17. Defendants purposefully availed themselves of the privilege of conducting business in Illinois by using Amazon's U.S. marketplace, offering the accused goods to Illinois consumers, including

3

accused goods sold under or in connection with ASIN B0DN1S1YLV and ASIN B0FHWP9SWB, accepting at least one order from Illinois, and causing delivery of accused RLX10 goods to Downers Grove, Illinois, within this District.

18.  In the alternative, if any Defendant is a foreign person or entity not subject to jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction over that Defendant under Federal Rule of Civil Procedure 4(k)(2) because Plaintiffs' claims arise under federal law and that Defendant purposefully directed infringing offers and sales to the United States through Amazon.com.

19.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendants are believed to be foreign persons or entities, concealed marketplace sellers, or persons without a known U.S. residence. Substantial acts giving rise to the claims occurred in this District, including Plaintiffs' test purchase and delivery of accused RLX10 goods to Downers Grove, Illinois. Defendants also used Amazon.com to offer accused goods for sale to consumers in this District.

## FACTUAL BACKGROUND

20.  Plaintiffs develop, market, and sell ANDERY-branded vehicle and car-mount products, including magnetic car mounts and related accessories.

21.  Plaintiffs control the content of the ANDERY Amazon listings for the accused ASINs, including product titles, descriptions, images, brand identifiers, and other authorized listing information.

22.  Plaintiffs' control over the ANDERY ASIN listing content does not authorize third parties to place unauthorized offers on those ASINs, sell non-genuine or materially different goods, use the ANDERY mark, or sell products embodying Plaintiffs' patented design.

23.  The ANDERY mark is valid, subsisting, and registered on the Principal Register under U.S.

4

Registration No. 7,906,665. A copy of the registration certificate is attached as **Exhibit A**.

24. U.S. Design Patent No. D1,076,905 S claims the ornamental design for a magnetic car mount. A copy of the D'905 Patent is attached as **Exhibit B**.

25. Plaintiffs' Amazon evidence shows ANDERY-branded listings and offers for RLX10, ASIN B0DN1S1YLV, and RLX11, ASIN B0FHWP9SWB. Copies of the Amazon listing evidence are attached as **Exhibits C and D**.

26. Plaintiffs' Amazon screenshots show that the accused RLX10 offer appeared under Amazon-associated marketplace information, including "Ships from Amazon.com," "Sold by Amazon.com," and "Customer service Amazon.com," or similar Amazon marketplace designations, as shown in **Exhibit E**.

27. Doe Defendant 1 is responsible for unauthorized offers or sales of accused ANDERY-branded products under or in connection with ASIN B0DN1S1YLV, corresponding to RLX10.

28. Doe Defendant 2 is responsible for unauthorized offers or sales of accused ANDERY-branded products under or in connection with ASIN B0FHWP9SWB, corresponding to RLX11.

29. Defendants are not authorized dealers, distributors, licensees, agents, or approved sellers of Plaintiffs.

30. Defendants have no permission to use the ANDERY mark, sell products under Plaintiffs' ANDERY ASIN listings, or represent that their products originate from, are sponsored by, affiliated with, warranted by, quality-controlled by, or approved by Plaintiffs.

31. Products sold through Defendants' unauthorized offers bear the ANDERY mark on packaging, product surfaces, and instruction manuals, as shown in the product and packaging images attached as **Exhibit F**.

32. The accused products are not genuine ANDERY products. They were not manufactured by Plaintiffs and were not manufactured, authorized, or placed into the stream of commerce by or with the authorization of Plaintiffs. The accused products are unauthorized products that Plaintiffs never inspected, approved, or subjected to their quality-control, warranty, inventory-traceability, or chain-of-custody procedures. Because the accused products were never authorized by Plaintiffs and fall outside Plaintiffs' quality controls, they are not genuine and their sale under the ANDERY mark is likely to cause consumer confusion.

33. Defendants' unauthorized use of the ANDERY mark is likely to cause confusion among consumers as to source, sponsorship, affiliation, approval, warranty, customer support, quality control, and authenticity.

34. Plaintiffs conducted test purchases of the accused goods through Amazon, including purchases of accused RLX10 goods for delivery to Albany, New York and Downers Grove, Illinois, and a purchase of accused RLX11 goods for delivery to Albany, New York. The order details and redacted invoices document the accused transactions and are attached as **Exhibit G**.

35. Plaintiffs' product images and infringement analyses show that RLX10 copies or substantially embodies the design claimed in the D'905 Patent. The RLX10 infringement analysis is attached as **Exhibit H**.

36. Plaintiffs' product images and infringement analyses also show that RLX11 copies or substantially embodies the design claimed in the D'905 Patent. Although RLX11 includes a charging-disc variation, it retains the same overall configuration, including the suction base, circumferential grip texture, hinge arrangement, support arm, and folding profile. The RLX11 infringement analysis is attached as

6

**Exhibit I**.

37. Defendants are believed to be sellers, distributors, or suppliers operating through Amazon's marketplace. The accused products are offered, listed, and sold through Amazon.com under Amazon-associated marketplace designations. Defendants' true identities are concealed from consumer-facing listings and can be identified through Amazon's records.

38. Plaintiffs cannot identify the true names, addresses, roles, suppliers, inventory owners, or payment recipients associated with Doe Defendant 1 and Doe Defendant 2 without discovery from Amazon.

39. Amazon possesses information necessary to identify Doe Defendant 1 and Doe Defendant 2 and determine the scope of infringement, including seller records, supplier records, inventory records, order history, FNSKU data, LPN data, offer history, fulfillment records, payment records, tax records, communications, return records, refund records, and related chain-of-custody information.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION
## 15 U.S.C. §§ 1114 and 1125(a)

40. Plaintiffs repeat and reallege all preceding allegations as if fully set forth herein.

41. Plaintiff Ying Zhang owns the ANDERY trademark registration, U.S. Registration No. 7,906,665.

42. Defendants used the ANDERY mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiffs' authorization.

43. Defendants' use of the ANDERY mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, approval, or affiliation of Defendants' goods.

7

44.    Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114.

45.    Defendants' conduct also constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a) because Defendants used words, names, symbols, devices, and false or misleading descriptions likely to confuse consumers as to source, sponsorship, affiliation, approval, or commercial association.

46.    Defendants' acts were willful, intentional, and undertaken with knowledge of Plaintiffs' rights, or with reckless disregard for those rights.

47.    Plaintiffs have suffered and will continue to suffer irreparable harm, including loss of control over their brand, loss of goodwill, consumer confusion, reputational injury, and diversion of sales, unless Defendants are enjoined.

## COUNT II
## DESIGN PATENT INFRINGEMENT
## 35 U.S.C. § 271

48.    Plaintiffs repeat and reallege all preceding allegations as if fully set forth herein.

49.    Plaintiff Dongguan Ruilai Electronic Technology Co., Ltd. owns all right, title, and interest in the D'905 Patent, including the right to enforce it and to recover for infringement. Products embodying the patented design are sold under the ANDERY brand with Plaintiff Dongguan Ruilai Electronic Technology Co., Ltd.'s authorization.

50.    The D'905 Patent is valid, enforceable, and in force.

51.    The D'905 Patent claims the ornamental design for a magnetic car mount as shown and described in the patent.

52.    Defendants, without authority, have made, used, offered for sale, sold, imported, or otherwise

8

commercially exploited products that infringe the D'905 Patent.

53. The accused products include RLX10 products sold under or in connection with ASIN B0DN1S1YLV and RLX11 products sold under or in connection with ASIN B0FHWP9SWB.

54. RLX10 embodies the patented design or a colorable imitation of it. An ordinary observer, giving such attention as a purchaser usually gives and viewing the accused design as a whole, would find RLX10 substantially the same as the design claimed in the D'905 Patent, as reflected in Plaintiffs' RLX10 infringement analysis attached as **Exhibit H**.

55. RLX11 embodies the patented design or a colorable imitation of it. Although RLX11 includes a charging-disc variation, its overall visual impression remains substantially the same as the claimed design because it shares the suction base, circumferential grip texture, hinge arrangement, support arm, folding profile, and overall configuration, as reflected in Plaintiffs' RLX11 infringement analysis attached as **Exhibit I**.

56. The differences between RLX11 and the patented design do not substantially alter the overall visual impression of the accused design when viewed as a whole.

57. Defendants' acts include, without limitation, offering for sale, selling, distributing, importing, supplying, or financially benefiting from products that embody the D'905 Patent or a colorable imitation of it.

58. Defendants' acts constitute infringement of the D'905 Patent under 35 U.S.C. § 271.

59. Plaintiffs have been damaged by Defendants' infringement and will suffer continuing harm unless Defendants are enjoined.

60. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

61. Plaintiffs are entitled to damages adequate to compensate for infringement under 35 U.S.C. § 284.

62. Plaintiffs are entitled to Defendants' total profits from design patent infringement under 35 U.S.C. § 289.

63. Plaintiffs are entitled to attorneys' fees in exceptional circumstances under 35 U.S.C. § 285.

<strong>PRAYER FOR RELIEF</strong>

Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A. Declare that Defendants infringed the ANDERY mark under 15 U.S.C. § 1114.

B. Declare that Defendants engaged in false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

C. Declare that Defendants infringed U.S. Design Patent No. D1,076,905 S.

D. Preliminary and Permanently enjoin Defendants and those acting in concert with them from using the ANDERY mark, selling unauthorized or infringing ANDERY-branded products, offering products through Plaintiffs' ASIN listings, or infringing the D'905 Patent.

E. Award Plaintiffs all damages, profits, enhanced damages where permitted, costs, attorneys' fees, prejudgment and post-judgment interest, and other monetary relief available under the Lanham Act and Patent Act, including 15 U.S.C. § 1117 and 35 U.S.C. §§ 284, 285, and 289.

F. Grant such other and further relief as the Court deems just and proper.

<strong>JURY DEMAND</strong>

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted

Date: June 17, 2026

By: /s/ *Wei Wang*

Wei Wang
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
***Attorney for Plaintiffs***